**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1455
_____

DORA GEYSEL ALVARENGA DE RODRIGUEZ; H. A. R.-A.,
                                                            Petitioners

v.

ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
                                                            Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Numbers: A208-455-092 & A208-455-093)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 16, 2019

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*

(Opinion filed: September 27, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Dora Alvarenga de Rodriguez and her minor daughter, aliens from El Salvador, petition for review of a final administrative order of the Board of Immigration Appeals (BIA) affirming both their removability and the rejection of their application for asylum. We will deny the petition.

I. **Discussion**[1]

On appeal, Alvarenga de Rodriguez challenges her removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and the denial of her asylum application.[2] We review legal and constitutional issues de novo, *see Duhaney v. Attorney Gen. of the U.S.*, 621 F.3d 340, 345 (3d Cir. 2010), and we will uphold the BIA's factual findings if they are supported by "substantial evidence," *Gomez-Zuluaga v. Attorney Gen. of the U.S.*, 527 F.3d 330, 340 (3d Cir. 2008) (citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B). Where, as here, "the BIA has affirmed the IJ's decision, and adopted the analysis as its own, we will review both decisions." *Quao Lin Dong v. Attorney Gen. of the U.S.*, 638 F.3d 223, 227 (3d Cir. 2011).

A. **Removability**

The Immigration and Nationality Act provides that "any immigrant at the time of application for admission . . . who is not in possession of a . . . valid entry document . . .

---

[1] This Court has jurisdiction over Alvarenga de Rodriguez's petition for review pursuant to 8 U.S.C. § 1252(a).

[2] Alvarenga de Rodriguez does not challenge the BIA's denial of her applications for withholding of removal and protection under the Convention Against Torture.

is inadmissible." 8 U.S.C. § 1182(a)(7)(A)(i).  Alvarenga argues that she never made an "application for admission" because she entered without inspection.  Pet. 8–9.  This argument is belied by the plain text of the statute: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission."  8 U.S.C. § 1225(a)(1).  When Alvarenga arrived in the United States without being admitted, she was an "applicant for admission."  *Id.*  Accordingly, because she was not in possession of a valid entry document at the time of her arrival, she is removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).[3]

## B. Asylum

To establish that she is a refugee and thus eligible for asylum, 8 U.S.C. § 1158(b)(1), a petitioner must prove four elements: "(1) a particular social group that is legally cognizable;[4] (2) membership in that group; (3) a well-founded fear of persecution, which must be subjectively genuine and objectively reasonable; and (4) a

---

[3] Alvarenga de Rodriguez argues that Congress intended 8 U.S.C. § 1182(a)(6)(A)(i) to be the exclusive basis for removal for "alien[s] present in the United States without being admitted or paroled."  Pet. 11.  However, 8 U.S.C. § 1182(a)(6)(A)(i)—unlike 8 U.S.C. § 1182(a)(7)(A)(i)(I)—is not listed as a basis for expedited removal. *See* 8 U.S.C. § 1225(b)(1)(A)(i).  Therefore, the two statutory bases for removal serve different purposes.

[4] A particular social group is a group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *S.E.R.L. v. Attorney Gen. of the U.S.*, 894 F.3d 535, 540 (3d Cir. 2018) (citation omitted).

nexus, or causal link, between the persecution and membership in the particular social group." *S.E.R.L. v. Attorney Gen. of the U.S.*, 894 F.3d 535, 544 (3d Cir. 2018).

In removal proceedings, Alvarenga de Rodriguez argued that she and her daughter were entitled to asylum because she would face persecution on a protected ground: Her membership in a particular social group of "women in El Salvador who have close family members in the United States." Pet. 13. The IJ found that even assuming Alvarenga de Rodriguez established a cognizable particular social group, she "did not establish a nexus between the harm she fears and her membership in the group," A.R. 59–60, and the BIA affirmed. We conclude that this determination was supported by substantial evidence.

We also perceive no error in the BIA's determination that Alvarenga de Rodriguez lacked a well-founded fear of persecution, or that any such persecution would not have been related to her proposed social group. We have observed that "ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum." *Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001). Here, there is no record evidence that the gang's extortion of Alvarenga de Rodriguez was more than a "mere act[] of random lawlessness," *id*. at 495. For example, Alvarenga de Rodriguez was not extorted during the first four years her husband lived in the United States. Additionally, there is no evidence that when she was extorted by gang members, the gang members knew her husband lived in the United States and sent her money, or that she was targeted because of those circumstances. Although Alvarenga de Rodriguez asks us to accept that the gang members must have known her husband lived in the United States because they asked her for the relatively large amount of $500, Pet. 22, that is not a necessary

inference: The fact that the gang members asked her for $500 suggests they knew she had access to money, but not necessarily that this money came from family in the United States. Thus, the BIA and the IJ reasonably concluded that the gang members were motivated by a "desire to increase their own wealth" and not by Alvarenga de Rodriguez's "husband's residence in the United States." A.R. 6.

The other incident to which Alvarenga de Rodriguez points as past persecution—a strange man hiding in her shower and attempting to attack her—also lacks sufficient nexus to Alvarenga de Rodriguez's status as a woman in El Salvador with family in the United States. Alvarenga de Rodriguez never learned the identity of this man, and there is no evidence in the record that this man was part of the gang that extorted her or that he tried to attack her because her husband lived in the United States. In short, substantial evidence supported the BIA's finding that there was no nexus between any past persecution suffered by Alvarenga de Rodriguez and her membership in her proposed particular social group. *See Gomez-Zuluaga*, 527 F.3d at 340; *see also* 8 U.S.C. § 1252(b)(4)(B).

## II. Conclusion

For the aforementioned reasons, we will deny Alvarenga de Rodriguez's and her daughter's petition for review.